# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION



B.C.BB B.V., BART BELLON, AND
MICHAEL BELLON

        Plaintiffs,

v.

JAQUELINE BARBIERI,

*Serve:* 118 Morningside Rd.
       Seymour MO 65746

TERRA INCOGNITA, LLC

*Serve:* Jaqueline Barbieri
       1118 Morningside Rd.
       Seymour MO 65746

        Defendants.

Case No. ___6:24-cv-3094___

## COMPLAINT

COME NOW Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon, by and through counsel, and for their causes of action against Defendants Jaqueline Barbieri and Terra Incognita, LLC ("Terra Incognita"), state to the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff BCBB, is an entity organized and existing under the laws of Belgium, having a registered office at Schansstraat 8, 2660 Antwerpen, Belgium, BE.

2.    Plaintiff Bart Bellon is a resident of Webster County, Missouri

3.    Plaintiff Michael Bellon is a resident of Webster County, Missouri

SPR 18659890.1

4.     Defendant Terra Incognita is a limited liability company organized and existing under the laws of the state of Missouri, having its principal office at 1118 Morningside Rd, Seymour, Missouri 65746.

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Plaintiffs' claims, in part, are predicated upon the Lanham Act/Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, and substantial and related claims under statutory and common law of Missouri.

6.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendant Jaqueline Barbieri resides and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS APPLICABLE TO ALL COUNTS

7.     All the parties are canine trainers and/or breeders in and around the Webster County, Missouri area with their businesses reaching beyond.  Plaintiffs compete in the marketplace for the same consumers as Defendants.

8.     For decades, Plaintiffs have given canine training seminars and workshops all over the world and developed a reputation and become renowned for same.

9.     Plaintiffs developed and trademarked NePoPo® - U.S. Trademark Application Serial No. 85827458.  A true and accurate copy of the current status of the NePoPo® Application from the United States Patent and Trademark Office ("USPTO") database is attached hereto as Exhibit 1 and incorporated herein by this reference.

10.     NePoPo® is a landmark canine training system.

2

11. Starting in 2015 Plaintiffs have offered goods and services to the general consuming public and businesses using the NePoPo® trademark and brand. Plaintiffs' goods and services are primarily used for personal, family, or household purposes.

12. As of 2018, the Bellons also own Martin System®, which designs, manufactures, and sells electronic collars that are the most innovative on the market with animal welfare at the forefront of its technology.

13. Plaintiffs' goods and services are offered and sold under various trademarks, including NePoPo®.

14. BCBB focuses on dog training activity through the NePoPo® Silver School and NePoPo® Gold School, and Martin System® concentrates on dog training equipment.

15. Plaintiffs have advertised and promoted goods and services offered under the NePoPo® trademark throughout the United States and the world.

16. As a result of their efforts and due to longstanding exclusive use of its trademarks, NePoPo® is widely recognized and possess strong secondary meaning in the eyes of the public and trade. NePoPo® immediately identifies Plaintiffs as the exclusive source of goods sold and services rendered in connection with that trademark.

17. NePoPo® is an invaluable asset to Plaintiffs.

18. Further, over many years, Plaintiffs have realized enormous success in their sales of good and services offered under NePoPo® and Martin System® and have hundreds of thousands of dollars of sales in the United States and across the world.

19. Plaintiffs always endeavor to maintain the reputation for quality associated with NePoPo® and strict quality control standards are imposed in the sale of goods and rendering of services under NePoPo®.

3

SPR 18659890.1

20.     Plaintiffs' painstaking adherence to only the highest quality has resulted in widespread and favorable public acceptance among customers for goods and services offered under NePoPo®.

21.     As a result of Plaintiffs' advertising and promotion, adherence to the highest quality standards, and sales success, NePoPo® is widely recognized immediately identifying Plaintiffs as the exclusive source of the goods and services they are sold in connection with, and NePoPo® signifies goodwill of incalculable value to Plaintiffs.

22.     Students first learn the NePoPo® training system by attending the NePoPo® New Silver School – a 3 day, 24 hour canine training course taught by the Bellons.

23.     Upon successful completion and becoming a NePoPo® New Silver Graduate, the student is eligible to participate in the NePoPo® Gold School – a 5 day, 40 hour canine training course.

24.     Originally, the NePoPo® Gold School was also taught exclusively by the Bellons, however, now NePoPo® Gold School Graduates who are Master Coaches, known as NePoPo® Gold Multiplicators ("GM"), also serve as NePoPo® Gold School instructors.

25.     Having successfully completed and graduated from both the NePoPo® Silver School and the NePoPo® Gold School, and through signing a NePoPo® Gold Multiplicator Agreement with BCBB ("Agreement"), Barbieri is, and at all relevant times was, a NePoPo® GM. A true and accurate copy of the most recent Agreement is attached hereto as Exhibit 2 and incorporated herein by this reference.

26.     Specifically, through the Agreement, BCBB granted Barbieri a license to organize and offer a NePoPo® Gold School, as well as, a license to use the NePoPo® methodology, trademark, and logo.

4

SPR 18659890.1

27.     Barbieri organized and offered a NePoPo® Gold School in August 2023 consistent with the terms of the Agreement.

28.     Separate and apart from her status as a NePoPo® GM, Barbieri and/or Terra Incognita owned a facility which the Bellons rented and used to host canine training activities and events from approximately 2016 to 2022.

29.     In January 2022, the Bellons notified Barbieri they would no longer be renting and utilizing that facility as of January 2023 – although there was no written agreement and the Bellons were under no obligation they gave her and/or Terra Incognita notice a full year in advance.

30.     After this, Barbieri started making statements and taking actions in clear violation of the Agreement, as well as, harassing the Bellons and other NePoPo® GMs and posting vicious and defamatory statements online to be viewed by fellow canine trainings and customers or potential customers of Plaintiffs.

31.     The Bellons initially tried speaking with Barbieri directly asking her to remove the posts and refrain from posting anything further about them, their company, and/or their trademark, but Barbieri continued posting.

32.     Prior to filing suit, in an attempt to resolve this issue without need of court intervention, Plaintiffs sent Defendants a cease-and-desist letter asking her to stop posting, which Barbieri promptly posted about social media and bragged about her purported understanding of the law and the ways in which she knew to skirt it.

SPR 18659890.1



33.     Plaintiffs also sent Defendants correspondence suspending their NePoPo® activity and status due to material breaches of the Agreement.

34.     Pursuant to Article 8 of the Agreement, Defendants were to treat as trade secrets and keep confidential all information, including know how, concepts, methodology, and philosophy related to the NePoPo® schools.

35.     Through the Agreement, Defendants also agreed to be respectful, both publicly and privately, to all NePoPo® students, graduates, and GMs – no harassment is allowed.

36.     Upon information and belief, she has sent harassing messages to other NePoPo® students, graduates, and/or GMs.

37.     Defendants have used the NePoPo® trademark to mislead and confusion individuals as to her association with same.

38.     Barbieri posted on social media using the NePoPo® trademark with Defendants' logo and address:

SPR 18659890.1



39.     Not only is this a breach of the Agreement, in that the use of the NePoPo® trademark and logo on social media must always be approved in writing before posting (and this was not), but it is also misleading and confusing as it makes it seem as though Defendants were affiliated with or building a new business using NePoPo® and/or NePoPo® was closing or leaving the U.S. (neither of which were true at the time).

40.     Barbieri further propounds the confusion by using a bear and continuously referring to herself as the "dancing bear" or "fighting bear" on social media when the NePoPo® logo is a bear:



41.     Here she even advertises in such a way as to make people think she is the inventor of NePoPo®:

SPR 18659890.1



42.     She has made people believe she essentially is NePoPo® as opposed to simply being

someone who has permission to use the brand:

**Donna Greene Williams**
You were the NEPOPO !!!!  You did everything for that organization and you loved doing it. They are STUPID!!! I love you ❤️❤️

Hey Michael,
As I told Joris, I went to several of the gold folks tables last week just to listen to their stories. While standing at Jackie Bs table, the feeling I got from her was that If it wasn't for her, none of this would be possible. Y'all started at her place, she invested time and $ and put herself on a pedestal. I asked Joris who she was and got the full story. Def put a bad taste in my mouth. There were two other ladies standing there with me but don't know who

SPR 18659890.1

43. The number of times Barbieri has used the NePoPo® trademark on social media without permission and/or without the trademark symbol is astonishing and often in an untruthful, vicious, and defamatory nature – all in violation of the Agreement:



44. In addition to these defamatory and harassing posts on social media, Barbieri has privately harassed the Bellons, and upon information and belief, she has sent harassing messages to other NePoPo® students, graduates, and/or GMs.

45. Barbieri continues to post and/or share false, misleading, and defamatory information about NePoPo® and the Bellons, which have multiple comments and/or shares and

9

SPR 18659890.1

have been and are being viewed by fellow canine trainers, NePoPo® students, graduates, and/or

GMs, and customers or potential customers:



46.     Her most recent social post, posted just last week on March 27:



47.     Defendant's actions are damaging to Plaintiffs and their reputation, brand, and image, which is clearly the intended effect if her recent threats are any indication:



48.     This is especially true considering Plaintiffs rely upon customer referrals, internet advertising, and social media.

49.     Upon information and belief, Plaintiffs have lost current and future or prospective customers, including NePoPo® students, graduates, and/or GMs due to Defendants' actions.

50.     Upon information and belief, Defendants knew Plaintiffs' reputation would be damaged and Plaintiffs' would see a reduction in business – this is exactly what Defendants wanted.

51.     Defendants' intentional and willful conduct has caused and will continue to cause Plaintiffs irreparable unless enjoined, as Plaintiffs have no adequate remedy at law.

52.     Separate and apart from her status as a NePoPo® GM, Barbieri in February 2020, leased to Plaintiffs property and a cabin described as 10 acres of land in Plat 1 of 1118 Morningside Road, Seymour, Missouri ("Lease") for a term of 10 years.  A true and accurate copy of the Lease is attached hereto as Exhibit 3 and incorporated herein by this reference.

SPR 18659890.1

53.     In addition to a nominal monthly rental fee, Plaintiffs further, through additional rent, agreed to make improvements at their cost.

54.     After only fifteen (15) months, and after Plaintiffs made substantial improvements to the property and cabin, Barbieri indicated she changed her mind, and without cause or justification, forced Defendants to vacate the property in breach of the Lease.

55.     Upon eviction, Plaintiffs had to leave behind approximately $40,340.36 in improvements.

<u>**COUNT I**</u>
<u>**Violation of Lanham Act/Trademark Act of 1946**</u>

56.     Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

57.     Defendants unapproved use of NePoPo® in commerce and in connection with their goods and services is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association with Plaintiffs and/or as the origin, sponsorship, or approval of their goods and services and the commercial activities by Plaintiffs.

58.     Defendants' acts constitute unfair competition in violation of 15 U.S.C § 1125(a)(1).

59.     Barbieri has acted with knowledge of NePoPo® and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

60.     Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs.  Defendants' unlawful actions have caused Plaintiffs monetary damages.

61.     Upon information and belief, Defendants have made and will make substantial profits and gain to which they are not entitled in law or equity.

12

62. Defendants' intentional and willful conduct has caused and will continue to cause Plaintiffs irreparable harm unless enjoined and Plaintiffs have not adequate remedy at law.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; directing Defendants account to and pay over all profits realized by their wrongful acts; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable, including actual and statutory damages; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses, including attorney fees as provided in 15 U.S.C § 1117; and for such other and further relief as the Court deems just and proper.

## COUNT II
## Unfair Competition

63. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

64. Defendants unapproved use of NePoPo® in commerce and in connection with their goods and services intended to cause, has caused, and is likely to continue to cause confusion, mistake, and deception among the general consuming public and the trade as to whether the goods

13

SPR 18659890.1

and services bearing NePoPo® originate from and/or are affiliated with, sponsored by, or endorsed by Plaintiffs.

65.     Plaintiffs compete with Defendants for a common pool of customers and clients.

66.     Upon information and belief, Defendants have acted with knowledge of the NePoPo® trademark and with the deliberate intent to deceive the general consuming public and trade and/or to benefit unfairly from the incalculable goodwill symbolized by the NePoPo® trademark.

67.     Defendants' actions constitute unfair competition in violation of Missouri law.

68.     Upon information and belief, Defendants have profited from their unlawful acts and have been unjustly enriched to the detriment of Plaintiffs.

69.     Defendants' unlawful actions have caused Plaintiffs' monetary damages.

70.     Upon information and belief, Defendants have or will make substantial profits and gain which they are not entitled to in law or equity.

71.     Defendants' intentional and willful conduct has caused and will continue to cause Plaintiffs irreparable harm unless enjoined and Plaintiffs have no adequate remedy at law.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove

14

SPR 18659890.1

from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

<u>**COUNT III**</u>
<u>**Trademark Infringement**</u>

72.     Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

73.     Plaintiffs own all right, title, and interest in and to NePoPo®, including all common law rights in such mark, and such mark is distinctive or has acquired distinctiveness.

74.     The acts of Defendants constitute trademark infringement in violation of Missouri law.

75.     Upon information and belief, Defendants have acted with knowledge of the NePoPo® trademark and with the deliberate intention to unfairly benefit from the incalculable goodwill symbolized thereby.

76.     Upon information and belief, Defendants have acted with deliberate intent to deceive the general consuming public and trade and/or to benefit unfairly from the incalculable goodwill symbolized by the NePoPo® trademark.

77.     Upon information and belief, Defendants have profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiffs.

78.     Defendants' unlawful actions have caused Plaintiffs' monetary damages.

79.     Upon information and belief, Defendants have or will make substantial profits and gain which they are not entitled to in law or equity.

15

SPR 18659890.1

80.     Defendants' intentional and willful conduct has caused and will continue to cause Plaintiffs irreparable harm unless enjoined and Plaintiffs have no adequate remedy at law

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

### COUNT IV
### Breach of Contract – NePoPo®

81.     Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

82.     The Agreement constitutes a valid and binding agreement and contract.

83.     Plaintiffs have faithfully performed all their obligations under the Agreement.

84.     Defendants have breached the Agreement by disclosing confidential information, using NePoPo® on social media without permission, and/or defaming and harassing Plaintiffs and NePoPo® students, graduates, and/or GMs.

SPR 18659890.1

85. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiffs have been damaged.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

### COUNT V
### Unjust Enrichment/Quantum Meruit – NePoPo®

86. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

87. By use of the NePoPo® trademark and other privileges related thereto, Defendants have benefited.

88. The NePoPo® trademark and schools have considerable value, and Defendants received the benefit and use of same.

89. Defendants' use and continued use of the NePoPo® trademark and other privileges without compensation is inequitable and unjust.

SPR 18659890.1

90. Plaintiffs have been damaged by Defendants' respective unjust enrichment.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

## COUNT VI
### Defamation - Libel

91. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

92. Defendants published false and untrue statements on social media about and identifying Plaintiffs.

93. The posts were made with malice in an attempt to harm Plaintiffs, destroy the brand, and dilute the NePoPo® trademark.

94. As a direct and proximate result, Plaintiffs have been damaged, including damage to their reputation and the loss of business opportunities.

18

SPR 18659890.1

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; directing Defendants to stop posting untrue and false statements about Plaintiffs on social media or any other platform; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

<u>**COUNT VII**</u>
<u>**Defamation – Libel *Per se***</u>

95.     Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

96.     Defendants published false and untrue statements on social media about and identifying Plaintiffs.

97.     Those statements impute alleged occupational dishonesty and crimes upon Plaintiffs and/or their affiliates.

98.     Defendants made the statements, and the words directly tend to injury or prejudice the profession, trade, business, and/or employment of Plaintiffs by impute a lack of knowledge, skill, capacity, and fitness to discharge their duties.

19

SPR 18659890.1

99. Defendants made the statements, and the words impute fraud, a lack of integrity, or misconduct upon Plaintiffs.

100. As a direct and proximate result, Plaintiffs have been damaged, including damage to their reputation.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; directing Defendants to stop posting untrue and false statements about Plaintiffs on social media or any other platform; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

<u>**COUNT VIII**</u>
<u>**Injurious Falsehood**</u>

101. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

102. Defendants have published false statements that are harmful to the interests of Plaintiffs.

SPR 18659890.1

103.    Defendants intend or intended for the publication of these false statements to result in harm and/or Defendants should have recognized the false statements were likely to result in harm to Plaintiffs.

104.    Defendants knew the statements were false and/or made such statements with a reckless disregard for the truth.

105.    As a direct and proximate result, Plaintiffs have been damaged.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

## COUNT IX
### Tortious Interference with Business Relations/Expectancy

106.    Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

107.    Based upon history, Plaintiffs had a valid business expectancy or relations arising from NePoPo®.

SPR 18659890.1

108. Defendants knew of this business expectancy or relationship.

109. There has been a breach and/or Plaintiffs have lost this business expectancy or relationship induced by or because of the intentional inference of Defendants.

110. Defendants have no justification for their actions.

111. As a direct and proximate result, Plaintiffs have been damaged.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

## COUNT X
### Breach of Fiduciary Duty

112. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

113. Through the Agreement Plaintiffs and Defendants had a fiduciary relationship.

114. Defendants breached their fiduciary duties to Plaintiffs.

115. Plaintiffs were harmed by Defendants' breach.

SPR 18659890.1

116. As a direct and proximate result, Plaintiffs have been damaged.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for an injunction restraining and enjoining Defendants from 1) advertising, promoting, offering services, or selling products which bear the NePoPo® trademark or any other mark substantially or confusingly similar thereto and/or engaging in any activity constituting an infringement of any of Plaintiffs' rights in the NePoPo® trademark or any other trademark owned by Plaintiffs and 2) engaging in any other activity constituting unfair competition with Plaintiffs and/or acts or practices that deceive the public or the trade; for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; requiring Defendants remove from all websites and social media platforms all advertising, promotional, and marketing materials and information bearing or incorporating the NePoPo® trademark; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

## COUNT XI
## Breach of Contract – Lease

117. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

118. The Lease constitutes a valid and binding agreement and contract.

119. Plaintiffs faithfully performed all their obligations under the Lease.

120. Defendants breached the Lease by evicting Plaintiffs without cause or justification.

121. As a direct and proximate result of Defendants' breach of the Lease, Plaintiffs have been damaged.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that

SPR 18659890.1

is fair and reasonable; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

<u>**COUNT XII**</u>
<u>**Unjust Enrichment/Quantum Meruit – Improvements**</u>

122. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth herein.

123. By improving the property and cabins, Plaintiffs conferred a benefit upon Defendants.

124. The improvements have considerable value, and Defendants received the benefit of possession and use of the same.

125. Acceptance and use of the improvements by Defendants without adequate compensation to Plaintiffs is inequitable and unjust.

126. Plaintiffs have been damaged by Defendants' respective unjust enrichment.

WHEREFORE Plaintiffs B.C.BB B.V. ("BCBB"), Bart Bellon, and Michael Bellon pray for Judgment against Defendants Jaqueline Barbieri and Terra Incognita, LLC in the amount that is fair and reasonable; prejudgment and post judgment interest; for their costs and expenses; and for such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully request a trial by jury on all issues so triable.

SPR 18659890.1

_____/s/ Kristen M. O'Neal_____

Jason C. Smith          MO Bar No. 57657
Kristen M. O'Neal       MO Bar No. 65077
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, MO 65804
Telephone:    417-888-1000
Facsimile:    417-881-8035
jcsmith@spencerfane.com
koneal@spencerfane.com
***Attorneys for Plaintiffs***

SPR 18659890.1